UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUL H ABUKAR,

          Plaintiff,

v.                                           Case No. 22-cv-0855-bhl

EXPERIAN INFORMATION SOLUTIONS INC and
AMERICAN EXPRESS

          Defendants.

## ORDER GRANTING MOTION TO COMPEL ARBITRRATION AND STAY CASE

      On July 27, 2022, Plaintiff Lul H. Abukar brought this action against American Express National Bank (American Express) and Experian Information Solutions (Experian) alleging that American Express erroneously told Experian that she was deceased, and Experian reported that information. (ECF No. 1.) Abukar claimed violation of the Fair Credit Reporting Act, 15 U.S.C. § 168, against both Experian and American Express. (*Id.*) American Express filed a motion to compel arbitration and stay proceedings pending arbitration on March 2, 2023, and Experian filed its own motion to compel arbitration and stay proceedings on March 9. (ECF Nos. 28 & 32.) Abukar's opposition was due on April 3, 2023, (*see* ECF No. 27), but as of the date of this Order, she has not responded.

      American Express and Experian's motions to compel arbitration are brought pursuant to Sections 3 and 4 of the Federal Arbitration Act. 9 U.S.C. §§ 3, 4. Under the FAA, if "the parties have an arbitration agreement and the asserted claims are within its scope," the court must compel arbitration and stay the case. *Lathan v. Uber Techs., Inc.*, 266 F. Supp. 3d 1170, 1173 (E.D. Wis. 2017) (citing *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004); *see also Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). While "[t]he FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet[,] . . . courts that have addressed the question have analogized the standard to that required of a party opposing summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure: the opposing party must demonstrate that a genuine issue of material fact warranting a trial exists."

*Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (citing cases); *see also Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 725 (N.D. Ill. 2017); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

Both American Express and Experian have offered evidence sufficient to find that the parties have an arbitration agreement and that Abukar's asserted claims fall within the scope of those agreements. American Express points to an Arbitration Provision in its agreement with Abukar and contends her suit is subject to that Provision. (ECF No. 29.) Likewise, Experian argues that Abukar agreed to its affiliate's Arbitration Agreement which delegates "all issues" to an arbitrator, including the question of arbitrability, and so it is also entitled to arbitration. (ECF No. 32.)

Under the FAA, courts must compel arbitration with "an enforceable written agreement to arbitrate" and "a dispute within the scope of the arbitration agreement." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017). Abukar signed American Express's Cardmember Agreement agreeing to its terms, which stated that it may "elect to resolve any claim by individual arbitration." (ECF No. 31-1 at 13.) The Agreement also encompasses all "current or future claim[s], dispute[s] or controvers[ies] relating to [Abukar's] Account(s), this Agreement, or any agreement or relationship you have had with us, except for the validity, enforceability or scope of the Arbitration provision." (*Id.*) A claim arising from an alleged misrepresentation on Abukar's account governed by the Agreement is a claim relating to her account, therefore Abukar's dispute with American Express is bound by the arbitration agreement. Abukar also agreed to Experian's agreement by checking a box agreeing to its terms, which included consent to arbitrating all issues. (ECF No. 33 at 12.) Experian maintains that Abukar is a member of CreditWorks, which is "a credit monitoring service with [Experian's] affiliate, Consumer Info.com" which does business as Experian Consumer Services (ECS). (ECF No. 32 at 7.) CreditWorks' terms of service contained an arbitration agreement that bound Abukar to arbitration for "all disputes and claims" with ECS and its affiliates—including Experian. (*Id.*) Abukar checked a box that stated that by doing so, she accepted and agreed to the Terms of Use Agreement. (ECF No. 34 at 3–4.) This is enough to signify acceptance of a contract. *See Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1033–34 (7th Cir. 2016) ("There is nothing automatically offensive about [electronic click] agreements, as long as the layout and language of the site give the user reasonable notice that a lick will manifest assent to an agreement."). And as an affiliate,

Experian is expressly included within the agreement, and Abukar agreed to arbitrate all issues with Experian. *See O'Connor v. Ford Motor Co.*, 2023 WL 130522 (N.D. Ill. Jan. 9, 2023) (holding that as an affiliate of the dealer's assignee, the defendant was entitled to enforce the arbitration agreement under "the bulk of authority considering the issue"). A dispute about an alleged negligently maintained account on an account governed by the arbitration agreement is within the agreement. Abukar therefore also is bound to Experian's arbitration agreement.

Abukar did not respond to either Experian's or American Express's motion to compel arbitration, and thus the Court has no evidence to consider whether a genuine issue of material fact that warrants a trial exists. *See Tinder*, 305 F.3d at 735. Moreover, where it is clear that "the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law." *Gore v. Alltel Commc'ns*, LLC, 666 F.3d 1027, 1032–33 (7th Cir. 2012) (citing *Moses*, 460 U.S. at 24–25; *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998)). "Such a presumption is particularly applicable where the clause is . . . broad." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). The defendants' motions to compel arbitration and to stay proceedings pending arbitration therefore must be granted. The action will be stayed pending the resolution of arbitration pursuant to 9 U.S.C. § 3.

Accordingly,

**IT IS HEREBY ORDERED** that American Express's motion to compel arbitration and stay proceedings pending arbitration, ECF No. 29, is **GRANTED**. The parties are ordered to arbitrate the dispute.

**IT IS FURTHER ORDERED** that Experian's motion to compel arbitration, ECF No. 32, is **GRANTED**. The parties are ordered to arbitrate the dispute.

**IT IS FURTHER ORDERED** that all dates and deadlines are stayed.

Dated at Milwaukee, Wisconsin on April 11, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge